# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JACKIE KNIGHTEN,                    )
                                    )
              Plaintiff,            )
                                    )
       v.                           )    Case No. CIV-17-683-D
                                    )
ALLSTATE INSURANCE                  )
COMPANY,                            )
                                    )
              Defendant.            )

## ORDER

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 11]. Defendant has responded [Doc. No. 14] and Plaintiff has replied [Doc. No. 15]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff brought the present action alleging discrimination based on disability, in violation of the Americans with Disabilities Act (ADA) and the Oklahoma Antidiscrimination Act (OADA). Plaintiff also asserted claims for interference with her rights under the Family Medical Leave Act (FMLA). Defendant timely removed the action to this Court and subsequently filed its answer to the complaint [Doc. No. 10]. Plaintiff argues that the affirmative defenses set forth in paragraphs 2, 3, 9, 10, 12, and 14 should be stricken for noncompliance with Rule 8, Federal Rules of Civil Procedure, as interpreted in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mot. at 2. The defenses at issue allege:

2.   Plaintiff's claims are barred to the extent that she has failed to exhaust her administrative remedies regarding some or all of the allegations and claims contained in the Petition.

3.   Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver or laches.

9.   Allstate has not engaged in any conduct sufficient to justify an award of punitive, exemplary, or liquidated damages and Plaintiff s claim for punitive damages fails as a result of Allstate's good faith efforts to comply with federal and state law.

10.  Plaintiff's claims for punitive damages violate and they are, therefore, barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of Oklahoma, on grounds including, but not limited to, the following:

 (a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

 (b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

 (c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal or quasi-criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(g) The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

12. An award of punitive damages deprives Allstate of property without due process of law and further deprives Allstate of the equal protection of the laws in violation of Allstate's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, §§ 10, and the corresponding provisions of the Constitution of any state whose law is deemed to apply in this case, because the jury is told to take into consideration the evidence of Allstate's net worth.

14. As applied, 23 O.S. § 9.1 is unconstitutionally vague and violates Allstate's right of procedural and substantive due process under the United States Constitution because Section 9.1 permits punishment for conduct that reasonable people could conclude was lawful.

*See* Answer at pp. 5-9.

Defendant does not refute Plaintiff's challenges to the foregoing defenses. Rather, it contends that Plaintiff's motion should be denied because (1) the *Twombly/Iqbal* standard does not apply to affirmative defenses and (2) Plaintiff's requested relief would "broaden the scope" of Rule 8, and such modification can only be done by legislative amendment, not judicial interpretation.[1]

## STANDARD OF DECISION

Under Rule 8(b)(1)(A), a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it." *Id*. Under Rule 12(f), Federal Rules of Civil Procedure, a court may strike "an insufficient defense" from a pleading. However, motions to strike are generally a disfavored, drastic remedy and are rarely granted. *United States v. Hardage*, 116 F.R.D. 460, 463-64 (W.D. Okla. 1987). In fact, such motions, in addition to being disfavored, are often "considered purely cosmetic or 'time wasters.'" *Lane v. Page*, 272 F.R.D. 581, 587

---

[1] The Tenth Circuit has not addressed whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue. Therefore, there is no controlling authority that guides the Court's analysis in this regard. However, this Court has consistently "concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." *See Franco v. Goodwill Shops S., LLC*, No. CIV-17-897-D, 2017 WL 6459807, at *1 (W.D. Okla. Dec. 18, 2017) (quoting *Wilson v. Lady Di Food Groups Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017)); *see also Holt v. Roy Blackwell Enter., Inc*., No. CIV-15-326-D, 2016 WL 319894, *3 n. 3 (W.D. Okla. Jan. 26, 2016)). Therefore, the Court sees no need to address the issue of whether to fully apply *Twombly* and *Iqbal* to the affirmative defenses at issue. The Court will, however, address the substantive aspects of Plaintiff's claims.

(D.N.M. 2011) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice & Procedure* § 1382 (3d. ed. 2004) (hereinafter Wright & Miller)). Nonetheless, the decision to grant a motion to strike rests within the sound discretion of the Court. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).

A defense should not be stricken "if there is any real doubt about its validity, and 'the benefit of the doubt should be given to the pleader.'" *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (quoting *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)). As stated in *Bobbitt, supra,* "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses," and "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Id*. at 736.

A motion to strike "must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *Hardage*, 116 F.R.D. at 463. That is, "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some sort of significant prejudice to one or more of the parties to the action," motions to strike should be denied. *Wilson*, 2017 WL 1458783, at *1 (quoting 5C Wright & Miller § 1382); *see also Holt*, 2016 WL 319894, at *2. An "abbreviated statement of the defense,

considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009).

## DISCUSSION

### I. Affirmative Defense No. 2 (Exhaustion of Administrative Remedies)

Plaintiff contends Affirmative Defense No. 2 is a "hypothetical defense" that must be stricken as it fails to identify the particular claim to which the defense applies. Plaintiff's claims arise under the ADA, OADA, and FMLA. A plaintiff must exhaust administrative remedies as a precondition to suit under the ADA. This requirement is jurisdictional and remedies generally must be exhausted as to each discrete instance of discrimination or retaliation. *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Hensley v. Capital Billing, LLC*, No. CIV-13-790-D, 2014 WL 223461, at *1 (W.D. Okla. Jan. 21, 2014); *accord Johnson v. Wal-Mart Stores East, LP*, No. 17-CV-341, 2017 WL 3586710, at *2 (N.D. Okla. Aug. 18, 2017). This defense is relevant to Plaintiff's claims and her motion is denied on this issue.

### II. Affirmative Defense No. 3 (Estoppel, Waiver, and Laches)

Plaintiff contends this defense should be stricken because it is unclear which, if any, of the defenses are being asserted, or which, if any, of Plaintiff's claims fail

because of the defense. Mot. at 6. With respect to these defenses, the Court finds that the possible relationship or connection of these defenses to the claims asserted in this case is not obvious or inferable from the pleadings, and there is thus sufficient prejudice to Plaintiff from being required to spend time and effort searching for their potential applicability that they should be stricken. *See Wilson*, 2017 WL 1458783, at *2. However, Defendant will be permitted to reassert any of these defenses in a more detailed manner, if it so chooses, within the time period for amendment of pleadings to be set at any subsequent scheduling conference.

## III. Affirmative Defenses Nos. 9, 10, 12 and 14 (Good Faith and Constitutionality of Punitive Damages)

Plaintiff contends these defenses should be stricken as either an improper legal conclusion (Defendant's assertion of good faith conduct) or insufficiently pled (the constitutionality of punitive damages). Under the foregoing standard, the Court finds Plaintiff's motion should be denied. These defenses adequately state Defendant's position regarding the availability of punitive damages and/or the propriety of any assessment of punitive damages. They clearly bear relevance to the subject matter of the controversy[2] and Plaintiff has not shown how, if permitted to remain, their assertion would result in significant prejudice to her. Plaintiff's motion as to these issues is denied.

---

[2] For instance, punitive damages may be awarded in an ADA action. *See Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 968 (10th Cir. 2002).

Accordingly, Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 11] is **GRANTED** in part and **DENIED** in part, as set forth herein. Defendant's Third Affirmative Defense, which states "Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver or laches," is stricken without prejudice to the later filing of a timely motion to amend its Answer, if appropriate.

It is further ordered that, by this Order, Plaintiff's Motion to Compel Defendant to Engage in a Rule 26(f) Conference [Doc. No. 16] is **DENIED** as moot.

**IT IS SO ORDERED** this 5th day of February 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE